# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Hydro Net LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KVH Industries, Inc.,**<br><br>Defendant. | Case No. 1:21-cv-00480-MN<br><br>Patent Case<br><br>Jury Trial Demanded |

### PLAINTIFF HYDRO NET LLC'S OPPOSITION TO DEFENDANT
### KVH INDUSTRIES, INC.'S MOTION TO DISMISS

Plaintiff, Hydro Net LLC ("Hydro" or "Plaintiff"), by and through its undersigned counsel, hereby files this Opposition ("Opposition") to KVH Industries, Inc.'s ("Defendant" or "KVH") Motion to Dismiss ("Mot.") Plaintiff's First Amended Complaint (the "FAC") for Failure to State a Claim filed on August 30, 2021. (D.I. 18.)

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

STANDARD OF REVIEW ....................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

    I.    Direct Infringement Is Well Pled in Plaintiff's Complaint. ............................................ 4

        A.    Defendant's motion to dismiss direct infringement should be denied. ....................... 4

    II.    Indirect Infringement Is Well Pled in Plaintiff's Complaint. ........................................ 5

        A.    Plaintiff Sufficiently Pled Contributory Infringement Because Defendant's Accused Technology Has No Non-Infringing Uses. ................................................................... 5

        B.    Plaintiff Sufficiently Pled Indirect Infringement. ...................................................... 6

        C.    Plaintiff's Willful Blindness Pleading Is Sufficient to Establish the Knowledge Requirement of Indirect Infringement. ........................................................................ 7

        D.    D. Even if the '706 Patent is Expired, Defendant Could Have Had Knowledge of the '706 Patent Prior to its Expiration ……………………………………………………………7

    III.    Alternatively, Hydro Net Requests Leave to Amend its Complaint. ........................... 8

CONCLUSION .......................................................................................................................... 8

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ................................................... 3
*Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2009 U.S. Dist. LEXIS 12369, *9 (N.D. Tex. Feb. 19, 2009) ............................................................................................................................ 2
*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. at 766, 131 S.Ct. 2060 ................................ 7
*H-W Tech., L.C. v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 36764, *13-15 (N.D. Tex. Feb. 23, 2012) ............ 3
*Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) ..................................... 8
*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) ........................................... 3
*Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 829 (E.D. Tex. 2019) ......................... 5
*Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008) .................................. 6
*Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 (N.D. Tex. Aug. 1, 2012) ...................................................................................................... 2
*SoftView LLC v. Apple Inc* .............................................................................................................. 6
*Uniloc USA, Inc. v. Avaya Inc.*, 2016 U.S. Dist. LEXIS 181826, *14 (E.D. Tex. May 13, 2016) ............... 3
*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ...................... 7

**Rules**

Fed. R. Civ. P. 15(a) .................................................................................................................. 2, 8
Fed. R. Civ. P. 8(a) ......................................................................................................................... 3
Rule 12(b)(6) ................................................................................................................................... 2

## INTRODUCTION

Defendant KVH's Motion to Dismiss suffers from a pervasive flaw—it begs Plaintiff to prove its case at the pleadings stage. Further, Defendant urges the Court to wade into divided infringement arguments that require complex technical determinations. These questions will be ripe for determination after discovery, a claim construction hearing, and technical expert analyses. However, these questions are *not* ripe for determination at the pleadings stage where Plaintiff's burden is to provide a plain, plausible statement—not proof. Therefore, Plaintiff respectfully asks the Court to deny Defendant's Motion to Dismiss because its arguments are premature.

Nevertheless, if the Court addresses Defendant's arguments on the merits, those arguments fail. First, Plaintiff's complaint sufficiently pled direct infringement. In an attempt to prove otherwise, Defendant claims that Plaintiff's claim chart does not demonstrate that Defendant practiced all the steps of the '706 Patent. Plaintiff clearly states in its Amended Complaint that Defendant practiced all elements of all of claims 1, 6, and 10 of the '706 Patent through internal testing and usage. *See* D.I. 1 *at* ¶¶ 18, 21, 23, 27-41.

Second, Plaintiff's complaint sufficiently pled indirect infringement. For one, Plaintiff's complaint establishes a plausible basis for Defendant's knowledge of the Patent-in-Suit, especially when the evidence is weighed together. Moreover, Plaintiff's complaint sufficiently pled willful blindness, itself independently sufficient to establish knowledge. And Plaintiff's complaint establishes knowledge under contributory infringement by sufficiently pleading that the accused technology has no non-infringing uses. *Id.* at ¶ 45.

Alternatively, if the Court is inclined to find for the Defendant on any of the above arguments, Plaintiff respectfully requests leave to amend its complaint.

## STATEMENT OF FACTS

Plaintiff filed its original complaint on March 31, 2021 alleging infringement of U.S. Patent No. 7,187,706, titled "Handoff and source congestion avoidance spread-spectrum system and method" (the '706 Patent or "Patent-in-Suit"). (D.I. 1.) The '706 Patent names Donald L. Schilling ("Schilling") as the inventor, an icon in the spread-spectrum technology industry.

On June 31, 2021 Defendant filed a Motion to Dismiss for Failure to State a Claim. D.I. 10. On July 16, 2021 Plaintiff filed its Amended Complaint within the twenty-one day period allowed by Federal Rule of Civil Procedure 15(a)(1)(B) thus rendering Defendant's Motion to Dismiss moot. D. I. 14. Fed. R. Civ. P. 15(a)(1)(B). Defendant then filed a Motion to Dismiss Plaintiff's Amended Complaint ("FAC") on August 30, 2021 to which Plaintiff now responds. D.I. 18.

The FAC describes how the Patent-in-Suit teaches an "improvement method to a frequency division duplex" (FAC at ¶¶ 12-13.) The FAC identifies the accused product that infringe this novel technology (FAC at ¶ 20 citing to Exhibit 2 which identifies the KVH TracPhone LTE-1 (as the accused product) and provides details, including a representative claim chart (FAC at Exhibit 2), explaining Defendant's infringement.

## STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) are disfavored and should rarely be granted. *Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 (N.D. Tex. Aug. 1, 2012) (citations omitted); *Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2009 U.S. Dist. LEXIS 12369, *9 (N.D. Tex. Feb. 19, 2009). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's allegations as true and draw

all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

The starting point in analyzing a pleading is Federal Rule of Civil Procedure 8(a), which requires that a pleading consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A pleading need not take any particular form; it need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" in order to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (2009). When read in the light most favorable to the plaintiff, a pleading need only provide a sufficient basis for a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" in order to meet the required level of "facial plausibility." *Iqbal*, 129 S. Ct. at 1949. "A well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." *Id*. at 566. "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *See Twombly*, 550 U.S. 544, 563 n.8 (2007). In the patent context, a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n. 10)*; see also Uniloc USA, Inc. v. Avaya Inc.*, 2016 U.S. Dist. LEXIS 181826, *14 (E.D. Tex. May 13, 2016) (declining to elevate the plausibility standard for pleading patent infringement to a "probability standard").

When considering a motion to dismiss claims of patent infringement, the Court should not weigh the evidence, perform claim construction, or require infringement contentions. See *H-W Tech., L.C. v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 36764, *13-15 (N.D. Tex. Feb. 23, 2012)

3

(declining to construe patent claims at the motion to dismiss stage). Applying this standard to this case, the Court should reject Defendant's arguments and deny its Motion to Dismiss.

## ARGUMENT

### I. Direct Infringement Is Well Pled in Plaintiff's Complaint.

Plaintiff's complaint sufficiently pled direct infringement. Plaintiff pled that Defendant practiced all the steps of the '706 Patent. Plaintiff clearly states in its Amended Complaint that Defendant practiced all elements of all of claims 1, 6, and 10 of the '706 Patent through at least internal testing and usage. *See* D.I. 1 *at* ¶¶ 18, 21, 23, 27-41.  Thus, even if Defendant did not sell the base stations required by the claims, it did use the base stations during internal use and testing. Therefore, Plaintiff asks the Court to deny Defendant's motion to dismiss Plaintiff's cause for direct infringement.

#### A. Defendant's motion to dismiss direct infringement should be denied.

Defendant's request to dismiss Plaintiff's cause for direct infringement should be denied as this Court has recognized internal testing as a valid theory of infringement. *See Sapphire Crossing LLC v. Robinhood Markets, Inc.*, C.A. No. 18-1717-MN-CJB, 2021 WL 149023 (D. Del. Jan. 15, 2021). In the Sapphire Crossing case this Court recognized internal testing as a valid theory of infringement. *See Sapphire Crossing LLC v Robinhood Markets, Inc.* at 8 ("In light of this, the Court can see how the FAC and its attached claim charts, when read together, set out a plausible single actor direct infringement scenario as to Expensify's own internal testing. *See Sentius Int'l, LLC v. Apple Inc*., Case No. 4:20-cv-00477-YGR, 2020 WL 6081775, at *3 (N.D. Cal. Oct. 15, 2020) (denying a motion to dismiss, filed pursuant to Rule 12(b)(6), in part because "[w]hile [defendant] Apple undoubtedly designs its products for other users, the Court finds it plausible that Apple may have tested its products or otherwise executed the relevant methods in the course

4

of product development and support").)" In that case Sapphire Crossing LLC also used a claim chart as an exhibit to show a plausible claim of infringement. *Id.* Thus, Plaintiff has clearly alleged a single actor has infringed the patent-in-suit, Defendant's request to dismiss Plaintiff's cause for direct infringement should be denied.

## II. Indirect Infringement Is Well Pled in Plaintiff's Complaint.

Defendant argues that Plaintiff's indirect infringement causes of action should be dismissed for failing to sufficiently plead indirect infringement. But Plaintiff's indirect infringement pleadings should survive for a number of reasons: (1) knowledge of contributory infringement is assumed; (2) Plaintiff provided sufficient evidence to allege knowledge; and (3) Plaintiff sufficiently pled willful blindness. Thus, Defendant's request to dismiss Plaintiff's indirect infringement positions should be denied.

### A. Plaintiff Sufficiently Pled Contributory Infringement Because Defendant's Accused Technology Has No Non-Infringing Uses.

Knowledge is imputed to Defendant due to the mere fact that the accused functionality had no substantial non-infringing uses. *See* FAC Plaintiff sufficiently pled non-infringing use); *Motiva Patents, LLC v. Sony Corp.*, 408 F. at ¶44 (where Supp. 3d 819, 829 (E.D. Tex. 2019) ("[Contributory Infringement] may also be shown by demonstrating that a specific component of that accused produced has no substantial noninfringing uses."). Plaintiff pled Defendant knew its customers would infringe the Patent-in-Suit by implementing accused technology that has no non-infringing use. FAC at ¶45. The inference that infringement is intended is unavoidable and therefore sufficient to satisfy the knowledge element of contributory infringement. *See Motiva Patents, LLC,* 408 F. Supp. 3d 819 at 830 (finding knowledge of contributory infringement because "the requisite knowledge may also be circumstantially inferred from the fact that the accused product or component has no substantial noninfringing uses"); *Ricoh Co. v. Quanta Computer Inc.*,

5

550 F.3d 1325, 1338 (Fed. Cir. 2008) ("When a manufacturer includes in its product a component that can only infringe, the inference that infringement is intended is unavoidable."). This is a standalone reason to deny the motion to dismiss on this point.

### B. Plaintiff Sufficiently Pled Indirect Infringement.

Plaintiff's complaint pled facts sufficient to meet the knowledge requirement of indirect infringement. For instance, Plaintiff explained that named inventors on Defendants' patents have dozens of spread-spectrum patents, the same technology at issue in this case. FAC at ¶45(b). Defendants' prolific patent prosecution in the spread-spectrum space would have brought it in contact with the inventor of the Patent-in-Suit, Donald L. Schilling—an inventor of 90 patents related to spread-spectrum technology and the author of many publications related to that technology.

Plaintiff also pled that Defendant was aware of the Patent-in-Suit through the course of conducting freedom to operate analyses. FAC at ¶45(b). As prolific as Defendant has been in the spread-spectrum space—through both patenting and practicing its own inventions—surely Defendant learned of the Patent-in-Suit.

Even if the Court determines that Plaintiff's various allegations are not sufficient individually to establish knowledge, that evidence is sufficient to establish knowledge when taken as a whole. For instance, in *SoftView LLC v. Apple Inc* the Court determined that "[t]aken in combination, the Court concludes that [plaintiff] has alleged a plausible basis from which one might reasonably infer that defendant] had knowledge of the patent-in-suit prior to this litigation." No. CIV. 10-389-LPS, 2012 WL 3061027, at *6 (D. Del. July 26, 2012). Here, the combination of facts Plaintiff presents is enough to establish knowledge.

### C. Plaintiff's Willful Blindness Pleading Is Sufficient to Establish the Knowledge Requirement of Indirect Infringement.

Plaintiff's complaint also sufficiently pled willful blindness which is a standalone reason to deny Defendant's indirect infringement request. *See* FAC at ¶45(c). Defendants who are willfully blind "are just as culpable as those who have actual knowledge." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. at 766, 131 S.Ct. 2060. And willful blindness satisfies the knowledge requirement for both contributory and induced infringement. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) (noting "willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge.") (citing *Global-Tech*, 563 U.S. at 768, 131 S.Ct. 2060; Commil, 135 S. Ct. at 1926). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the defendant. In order to prove knowledge by evidence of willful blindness, the patentee must show that (1) the defendant subjectively believes that there is a high probability that a fact exists and (2) the defendant must have taken deliberate actions to avoid learning of that fact. *Global–Tech Appliances*, 131 S.Ct. at 2068.

As noted above, Defendant and the inventor of the Patent-in-Suit are both prolific inventors in a narrow technological space—spread-spectrum technology. It is certainly plausible that given these facts Defendant would have been willfully blind to have not known of the Patent-in-Suit. Thus, Plaintiff's pleading of willful blindness presents a standalone reason to deny Defendant's motion on this point.

### D. Even if the '706 Patent is Expired, Defendant Could Have Had Knowledge of the '706 Patent Prior to its Expiration

The '706 Patent was granted an extension of 721 days and would not expire until January 3, 2023. *See* D.I. 1, Ex. 1. If the inventors of the '706 did file a terminal disclaimer causing the

'706 Patent to expire, it is reasonable to believe that Defendant had knowledge of the '706 Patent prior to its expiration for the reasons stated above. Defendant would thus still be liable for contributory and induced infringement.

### III. Alternatively, Hydro Net Requests Leave to Amend its Complaint.

In the event the Court decides in Defendant's favor on any portion of its motion to dismiss, Plaintiff requests an opportunity to amend its complaint. Federal Rule of Civil Procedure 15(a) states that the "court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). "The language of this rule evinces a bias in favor of granting leave to amend," and "the district court must have a substantial reason to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citations omitted).

### CONCLUSION

For the foregoing reasons, Hydro respectfully requests that the Court deny Defendant's Motion in its entirety. In the event the allegations in Hydro's Complaint are inadequate in any respect, Hydro respectfully requests an opportunity to amend its Complaint.

Respectfully Submitted,

/s/ David W. deBruin (#4846)
David W. deBruin (#4846)
Gawthrop Greeenwood, PC
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
(302) 777-5353
ddebruin@gawthrop.com
**Counsel for Plaintiff**
**Hydro Net LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on September 27, 2021.

/s/ David W. deBruin (#4846)
David W. deBruin (#4846)
